UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| RAYFIELD THIBEAUX, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:17CV741 HEA |
| NANCY A. BERRYHILL, | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be granted. Additionally, the Court will dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Background

Pro se plaintiff Rayfield Thibeaux filed the instant complaint seeking a review of his disability claims. In his complaint he names Regional Social Security Commissioner Nancy Berryhill as the sole defendant in this action.

This is the third time plaintiff has filed the instant action in this Court in which he has sought a review of the denial of certain of his Social Security benefits, as well as relief of certain other civil rights claims. *See Thibeaux v. Stradtman*, 4:17-CV-221 NCC (E.D.Mo.); *Thibeaux v. Stradtman*, 4:17-CV-281 HEA (E.D.Mo.).[1]

---

[1] In his two prior cases before the Court, plaintiff alleged, among other claims, that Burl Cain violated his rights when Cain was the Warden and plaintiff was an inmate at the Dixon Correctional Institute in Jackson, Louisiana in 1982. According to plaintiff, he was "implanted" with a monitoring device in the "left cheek of his rectum" that was based on a modified version of a telemedicine instrumentation pack used to monitor astronauts' health in space. He asserted that he filed for Social Security disability in 2010 based on the fact that he had the monitoring

In the complaint before this Court, plaintiff states that he is "requesting a review of [his] disability claim, which would put an end to [his] suffering." Plaintiff states that the Social Security Commission failed to allow him to "update" his file with new medical information.[2] Plaintiff appears to believe this is a breach of his civil rights.

**Background in Plaintiff's Prior Case in the District of Columbia**

In April of 2010, plaintiff filed concurrent claims with the Social Security Administration for disability insurance benefits and supplemental security benefits. Plaintiff's protective filing date was April 16, 2010. With regard to disability benefits, plaintiff alleged an onset date of January 1, 2002, and with regard to SSI he alleged a September 20, 1982 disability onset date. Plaintiff's last insured date for disability benefits was June 30, 2002.

On September 16, 2010, plaintiff was diagnosed by a clinical psychologist with schizo-affective disorder-depressive type and alcohol abuse and cocaine abuse. Although plaintiff met the medical rules for a disability, he failed to meet the non-medical rules for payment because he had not been found disabled while he still maintained disability insurance. He was advised that he had a right to appeal the decision of the SSA, but he failed to do so. Plaintiff filed a new application for benefits in July of 2011, and he was granted an award of SSI benefits at that time. Plaintiff began receiving benefits in August of 2011.

On September 25, 2012, plaintiff filed an action in the Federal District Court for the District of Columbia, asserting that he should have been granted disability insurance benefits and

---

device, but he was denied disability benefits and merely given SSI benefits based on a diagnosis of schizophrenia.

[2] It appears, based on Exhibit 2 that on February 14, 2017, plaintiff filed with the Social Security Administration a Form 3441, or document entitled Disability Report – Appeal. He was apparently attempting to appeal the denial of disability insurance benefits which occurred on October 1, 2010. *See Thibeax v. Social Security Administration*, No. 12-01588 (D.C. 2015). However, on the Form 3441, plaintiff indicated he had no new information for reconsideration of his case. His disability insurance benefits was denied for legal reasons, not medical reasons.

he was entitled to SSA benefits from his alleged onset date of September 1982. *See Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2015). The Social Security Administration moved to dismiss due to plaintiff's failure to exhaust his administrative remedies, and the Court converted respondent's motion to one for summary judgment. The Court found in favor of respondent, the Social Security Administration, requiring plaintiff to exhaust his administrative remedies, or to have filed an appeal relating to the disability benefits that he was seeking. **Because plaintiff had failed to file an appeal when one was available to him, but instead had filed a new application for benefits in 2011, the Court found that plaintiff had failed to exhaust his right to argue in the District Court that he was entitled to the early SSA and disability benefits.**

Unrelated to his claims in the action, plaintiff moved for a judgment on the pleadings against respondent, the Social Security Administration, asserting that a device was implanted into his person, specifically his buttock. He asserted that the Court should report that "The National Commission for the Protection of Human Subjects of Bio-Medical and Behavioral Research – the Belmont Report has been violated." The Court found no legal basis for entertaining plaintiff's claims and denied his motion for judgment on the pleadings.

## Discussion

Plaintiff's allegations in this matter mirror his allegations brought in his prior case in the Federal District Court for the District of Columbia. *See Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2015). In this case, plaintiff seeks to overturn the Social Security Administration's determination as to his disability benefits. Additionally, it once again appears that plaintiff seeks a rehearing of the District of Columbia's finding that he

could not "appeal" the adverse determination of the Social Security Determination due to his own failure to exhaust his administrative remedies.

As noted in plaintiff's prior cases before this Court, because plaintiff failed to file his Social Security appeals when they were available to him, plaintiff has no legal remedy with respect to his arguments relating to an earlier entitlement to SSA benefits. See *Thibeaux v. Social Security Administration*, No. 12-01588(RWR/AK) (D.C. 2015). Moreover, this Court is not a Court of Appeals with relation to the Federal District Court for the District of Columbia.

Plaintiff cannot keep filing frivolous lawsuit in this Court in an attempt to sway the Court to change the outcome in this matter. Moreover, changing the cause of action and names of defendants in the case will not be determinative of the underlying relief that plaintiff is seeking, nor will it affect the overall finding of this Court.

The Social Security Administration found in October of 2010 **that although plaintiff met the medical rules for a disability, he failed to meet the non-medical rules for payment because he had not been found disabled while he still maintained disability insurance.** Plaintiff failed to appeal the Social Security's determination of that finding, and at this juncture, there is nothing this Court can do to find otherwise. Plaintiff's allegations, in his third lawsuit before the Court on the same subject matter, are legally frivolous. This action is subject to dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is subject to dismissal because it is legally frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

Dated this 15th day of February, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE